# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------X

DIEGO HEREDIA,

Index No.: **711882|2019**

Plaintiff,          **VERIFIED COMPLAINT**

-against-

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT,
A.D.A. ZACHARY WEINTRAUB, P.O. BRIAN WILSON,
DET. THOMAS DONEGAN, DET. THOMAS COZART,
P.O. JOHN DOES nos. 1-20 (names being fictitious,
as actual names unknown),

                                             Defendants.

-------------------------------------------------------------X

Plaintiff, by and through his attorney LAW OFFICE OF JOSEPH W. MURRAY,

alleges the following.

## PRELIMINARY STATEMENT

1.    That at all times hereinafter mentioned, the Plaintiff DIEGO HEREDIA

("HEREDIA ") was and still is a resident of the County of Queens, State of New York.

2.    That at all times hereinafter mentioned, Defendant, THE CITY OF NEW

YORK ("CITY") was and still is a Municipal Corporation, duly organized and existing under

and by virtue of the law of the State of New York.

3.    That at all times hereinafter mentioned, Defendant, NEW YORK CITY

POLICE DEPARTMENT ("NYPD") was and still is a Municipal Corporation, duly

organized and existing under and by virtue of the law of the State of New York.

4.    That at all times hereinafter mentioned, the Defendant ADA ZACHARY

WEINTRAUB was an agent, servant, and/or employee of Manhattan District Attorney's

Office.

3

5.      That at all times hereinafter mentioned, the defendant P.O. BRIAN WILSON was an agent, servant, and/or employee of defendant NYPD.

6.      That at all times hereinafter mentioned, the Defendant DET. THOMAS DONEGAN was an agent, servant, and/or employee of defendant NYPD.

7.      That at all times hereinafter mentioned, the Defendant DET. THOMAS COZART was an agent, servant, and/or employee of defendant NYPD.

8.      That at all times hereinafter mentioned, the Defendant Police Officers JOHN DOES nos. 1-20, names being fictitious as names are unknown at this time, were and still are members of the NYPD, and were employees of NYPD and its police department, and were acting for, upon, and in course of and in furtherance of the business of their employers and within the scope of their employment for Defendants NYPD.

9.      That all times hereinafter mentioned Defendant NYPD employed police officers and jailors and others hereafter mentioned in this complaint.

10.     That at all times hereinafter mentioned, the Defendant NYPD owned, maintained, supervised, managed, operated, inspected and controlled the various jails, police, facilities, police stations, police precincts, police equipment, police vehicles, all hereinafter mentioned in the complaint.

11.     That at all times hereinafter mentioned, all of the actions of the officers allege herein were done within the scope and course of their employment with NYPD and under color of the state law.

12.     That prior to the commencement of this action, and within ninety (90) days after the happening of the incident herein, plaintiffs herein served a Notice of Claim in writing upon the defendants.

13.     That a 50-H hearing was held of all plaintiffs.

4

14.    That this action is commenced within one (1) year and ninety (90) days of
the date when the incident occurred to the plaintiff.

## FACTS COMMON TO ALL CAUSES OF ACTION

15.    On February 2, 2017, while plaintiff was sleeping at his home, at around
5:00 a.m., his cousin Diana Gonzalez informed him that two police officers were outside
looking for plaintiff. Plaintiff met with the police officers, who informed him that there
was a complaint against him. Plaintiff was taken into custody and brought to the 6th
Precinct, located at 233 West 10th Street in New York County, and was then taken to 100
Centre Street, where he was detained for 24 hours. He was initially charged with one
burglary, later, two burglaries, as well as damage to property, inter alia.

16.    Plaintiff was released at arraignment, either on his own recognizance or
bail. A grand jury was convened and evidence presented in which the police presented
false information; for example, the police presented evidence to the grand jury that was
illegally obtained pursuant to a search warrant that was granted by the court based upon
falsely sworn testimony within the application for the search warrant; the prosecutor at
the grand jury knew or should have known about these falsities in that ADA ZACHARY
WEINTRAUB was the drafter of the search warrant and the affidavit in support of the
search warrant; and awaited trial for approximately a year and four months before these
falsehoods were discovered by Plaintiff's counsel in the criminal matter.

17.    Trial commenced on or about June 4, 2018, before the Honorable James
Burke (J.S.C.) in New York County. Defendant ADA Weintraub knowingly elicited false
testimony from witnesses, failed to disclose exculpatory evidence, knowingly suborned
perjurious testimony from witnesses and presented evidenc that was illegally obtained

5

pursuant to a search warrant that was obtained by false facts suborn by ADA Weintraub
in the search warrant affidavit. Defendant ADA Weintraub also called police officer
witnesses who testified with respect to evidence that was illegally obtained.

18.    The trial lasted 14 days and the plaintiff was acquitted of all charges on or
about June 18, 2018.

19.    That by reason of the foregoing, Plaintiff has suffered damages.

## FIRST CAUSE OF ACTION
### FALSE ARREST

20.    Plaintiffs repeats, reiterates, and realleges all of the allegations set forth
above.

21.    Defendants deprived plaintiffs of his liberty, freedom, and constitutional
rights, despite the fact that plaintiff had not committed a crime or violation.

22.    That the defendant officers arrested plaintiff despite the fact that they
knew that the no crimes or violations were committed and that there was no probable
cause or justification for such an arrest and/or detention and/or videotaping.

23.    That at all times, the officers acted within the scope of their employment of
defendants NYPD and under the authority of color of state law as police officers.

24.    The aforedescribed constitutional violations are all actionable under and
pursuant to New York State Law, the New York State and Federal Constitution.

25.    Although the defendants knew that detaining and arresting plaintiffs when
they had no right to do so, in violation of plaintiffs' constitutional rights, the defendants
criminally processed the plaintiff, generating misleading and false accusatory

6

instruments in order to lay charges against plaintiff, even though defendants knew or
had reason to know that they were making an illegal arrest.

26.    Defendants also illegally and unnecessarily detained the plaintiff without
any justification to do so.

27.    By virtue of the foregoing, plaintiff, HEREDIA, has been damaged in a
sum exceeding the jurisdictional limits of all lower courts.

### SECOND CAUSE OF ACTION
#### MALICIOUS PROSECUTION

28.    Plaintiff repeats, reiterates and realleges all of the allegations set forth
above.

29.    That one of or more than one of the Defendant officers prepared formal
and false accusatory instruments against the plaintiff.

30.    That one of or more than one of the Defendant officers prepared and filed
these charges against Plaintiff with malice and the intent of depriving Plaintiffs of his
liberty and right to not have his person seized knowing they had no cause or grounds to
do so.

31.    That one of or more than one of the Defendant officers prepared and filed
these charges against Plaintiff with the intent to deprive Plaintiff of his right to free
speech and other constitutional freedoms, with malice as they were aware that Plaintiff
had said constitutional rights.

32.    That Defendant NYPD, its employees, agents and/or servants, failed to
take any necessary steps to prevent this occurrence; failed to properly train its
employees, agents and/or servants in arrest procedures; failed to control and supervise

its employees, agents and/or servants; failed to prevent the aforesaid pain and suffering, defamation, incarceration and permanent psychological injuries to the plaintiffs; and were otherwise reckless, careless and negligent.

33.    That defendant ADA Zachary Weintraub prosecuted the plaintiff, knowing that the evidence on which he relied was unreliable and/or otherwise illegally obtained.

34.    That defendant ADA Zachary Weintraub prosecuted the plaintiff, knowing that he was withholding credible exculpatory evidence.

## THIRD CAUSE OF ACTION
### ABUSE OF PROCESS

35.    Plaintiff repeats, reiterates, and realleges all of the allegations set forth above.

36.    Without Plaintiff's consent, one of ore more than one of the Defendant officers and defendant ADA Zachary Weintraub unlawfully and unconstitutionally deprived the Plaintiff of his liberty and freedom.

37.    The Defendants abused their authority and abused their position; Defendants abused and violated the public trust and in particular the trust of Plaintiff. Defendants had no right under the laws of the land to detain, arrest, harass, incarcerate, or prosecute the Plaintiff, yet they chose to regardless.

38.    The Defendant officers who did not detain, arrest, harass, incarcerate, or prosecute the Plaintiff, should there be any, are liable to Plaintiff for their failure to protect and intervene, and a violation of their duty to intervene, safeguard, and protect the Plaintiff.

8

## FOURTH CAUSE OF ACTION
### DEPRIVATION OF PLAINTIFFS' RIGHTS UNDER THE FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND NEW YORK STATE LAW AND THE NEW YORK STATE CONSTITUTION

39. Plaintiff repeats, reiterates, and realleges all of the allegations set forth above.

40. Defendants handcuffed, detained, arrested, and prosecuted plaintiff without justification; deprived Plaintiff of his liberty, freedom, and constitutional rights, despite the fact that Plaintiff had not committed a crime or violation.

41. Defendants detained Plaintiff and arrested Plaintiff HEREDIA with the express intent of preventing Plaintiff from further expressing his First, Fourth, and Fourteenth Amendment rights under the United States Constitution and Article 1, § 6, 8, 12 rights to free speech and liberty under the New York State Constitution and detained and took Plaintiff into custody against his will and without just cause.

42. That despite the fact that Defendants knew that there was no probable cause to believe that Plaintiff committed any crime, one or more than one of the Defendants authorized and approved the formal arrest of the Plaintiff. That Defendants conducted a grossly negligent investigation into the first burglary and, in fact, no investigation into the second burglary.

43. That despite the fact that defendants did not have credible evidence against the plaintiff and defendants had exculpatory evidence in their possession that plaintiff could not have committed these crimes, defendant ADA Zachary Weintraub failed to disclose such exculpatory evidence and instead chose to prosecute the plaintiff regardless, by using evidence that he knew or should have known was not credible, not

9

reliable, and manufactured; defendant ADA Zachary Weintraub chose to prosecute the plaintiff without just cause.

44.     That the Defendant officers arrested Plaintiff despite the fact that they knew that the no crimes or violations were committed and that there was no probable cause or justification for such an arrest and/or detention.

45.     That at all times, the officers acted within the scope of their employment of Defendants NYPD and under the authority of color of state law as police officers.

46.     The aforedescribed constitutional violations are all actionable under and pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986 and New York State Law and the New York State Constitution.

47.     Although the Defendants knew that detaining, arresting, and prosecuting the Plaintiff when they had no right to do so, in violation of Plaintiff's constitutional rights, the Defendants processed the Plaintiff, generating misleading and false accusatory instruments in order to lay charges against Plaintiff, even though Defendants knew or had reason to know that they were making an illegal arrest.

48.     The direct and proximate results of the Defendants' acts are that Plaintiff suffered severe and permanent injuries of a physical and psychological nature.

## FIFTH CAUSE OF ACTION
## NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION UNDER NEW YORK STATE LAW

49.     Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

50. Defendant NYPD negligently hired, trained, supervised, and retained the defendant officers; Defendant NYPD was careless and reckless in the hiring, training, supervision, overseeing, and retention of Defendant officers.

51. As a result of this negligent hiring, training, supervision, overseeing, and retention, Plaintiff has suffered and continues to suffer damages, constitutional violations, as well as other damages.

## SIXTH CAUSE OF ACTION
## MONELL CLAIM PURSUANT TO 42 U.S.C § 1981, 1983, 1985, 1986 AND RESPONDEAT SUPERIOR

52. Plaintiff repeats, reiterates and realleges each and every allegation contained herein as if fully set forth at length herein.

53. All of the acts and omissions by the individual Defendants, described above were carried out pursuant to overlapping policies and practices of the NYPD which were in existence at the time of the conduct alleged herein and were engaged in with the full knowledge, consent and cooperation and under the supervisory authority of Defendant NYPD.

54. Defendant NYPD, by their policy-making agents, servants and employees, authorized sanctioned and/or ratified the individual Defendants' wrongful acts and/or failed to prevent or stop those acts and/or allowed those acts to continue.

55. Defendants detained, arrested, assaulted, battered, and victimized Plaintiff in the absence of any evidence of probable cause or reasonableness to do so, notwithstanding their knowledge that said assault and battery would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

11

56.    At all times mentioned herein, said police officers were acting under color of law, to wit: the statutes, ordinances, regulations, policies and customs and usage of the State of New York and/or County of New York, and/or City of New York.

57.    Defendant NYPD has grossly failed to train and adequately supervise its police officers in the fundamental law of use of reasonable detention and/or arrest.

58.    The direct and proximate results of the Defendants' acts are that Plaintiff suffered severe and permanent injuries of a physical and psychological nature.

## SEVENTH CAUSE OF ACTION
### MUNICIPAL AND/OR GOVERNMENTAL LIABILITY

59.    Plaintiff repeats, reiterates, and realleges all of the allegations set forth above.

60.    That defendant NYPD, its employees, agents and/or servants, failed to take any necessary steps to prevent this occurrence; failed to properly train its employees, agents and/or servants in arrest procedures; failed to control and supervise its employees, agents and/or servants; failed to prevent the aforesaid detention, incarceration, violation of constitutional rights, and permanent psychological injuries to the Plaintiff; and were otherwise reckless, careless, and negligent.

61.    That as a result of the above referenced negligence; Plaintiff was caused to sustain damages and his constitutional rights were violated.

62.    That as a result of the above, the Plaintiff demands judgment against the Defendants NYPD in the amount which exceeds the jurisdiction of all lower courts.

## EIGHTH CAUSE OF ACTION:
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

12

63.    Plaintiff repeats, reiterates and re-alleges each and every allegation
contained in the paragraphs set forth above, with the same force and effect as if more
fully set forth herein.

64.    That each and all of the defendants herein had a duty of care to the
plaintiff; that said duty was breached by the defendants; that said breach resulted
directly in emotional harm.

65.    That defendants, through extreme, outrageous, negligent and reckless
behavior, caused severe emotional distress, mental trauma, and/or bodily harm to the
plaintiff; that defendants engaged in extreme and outrageous conduct; negligently
causing, or negligently disregarding a substantial probability of causing, severe
emotional distress; and there lies a causal connection between the conduct and injury;
and resulting severe emotional distress.

66.    That defendants engaged in extreme and outrageous conduct against the
plaintiff, negligently and/or recklessly disregarding the substantial probability of
causing, severe emotional distress; there exists a direct causal connection with the
conduct of the defendants and the injuries suffered by plaintiff, including but not
limited to plaintiff's severe emotional distress.

67.    That defendants' actions goes beyond all possible bound of decency, and is
regarded as atrocious and utterly intolerable in a civilized community.

68.    That the acts of defendants described herein constitute a negligent
infliction of emotional distress against the plaintiff, and the plaintiff has suffered
damages pursuant thereto, and he will continue to suffer same in the future.

69.     That by reason of the foregoing, plaintiff requests an award of damages which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## NINTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

70.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs set forth above, with the same force and effect as if more fully set forth herein.

71.     That the defendants engaged in extreme or outrageous conduct and intentionally caused severe emotional distress and bodily harm to the plaintiff.

72.     That the acts of defendants described herein were an intentional infliction of emotional distress against the plaintiff, and the plaintiff has suffered damages pursuant thereto, and he will continue to suffer same in the future.

73.     That defendants, through extreme, outrageous, negligent and reckless behavior, caused severe emotional distress, mental trauma, and/or bodily harm to the plaintiff; that defendants engaged in extreme and outrageous conduct; with an intent to cause, or disregard of a substantial probability of causing, severe emotional distress; ad there lies a causal connection between the conduct and injury; and resulting severe emotional distress.

74.     That defendants engaged in extreme and outrageous conduct against the plaintiff, with an intent to cause, or a disregard of the substantial probability of causing, severe emotional distress; there is exists a direct causal connection with the conduct of the defendants and the injuries suffered by plaintiff, including but not limited to plaintiff's severe emotional distress.

14

75. That defendants' actions goes beyond all possible bound of decency, and is regarded as atrocious and utterly intolerable in a civilized community.

76. That by reason of the foregoing, plaintiff requests an award of punitive damages which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.


*WHEREFORE*, Plaintiff demands judgment against Defendants, and each of them, on all of the foregoing causes of action, in the form of compensatory damages for his pain and suffering, loss of enjoyment of life, economic loss, punitive damages, and other losses and damages, in an amount that exceeds the jurisdictional limits of all lower courts that otherwise would have jurisdiction in the matter, and Plaintiff further demands punitive damages on all causes of action, in an amount to be determined by the trier of fact, together with attorney's fees, costs, and disbursements.

Dated: Kew Gardens, New York
July 8, 2019

Yours, etc.,

LAW OFFICE OF JOSEPH W. MURRAY, ESQ.

BY: JOSEPH W. MURRAY, ESQ.
NORA CONSTANCE MARINO, ESQ.
Attorneys for Plaintiff
125-10 Queens Blvd., Ste. 5
Kew Gardens, NY 11415

15

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
QUEENS COUNTY

DIEGO HEREDIA

*Plaintiff*

vs

THE CITY OF NEW YORK, ET AL

*Defendant*

N
COURT DATE & TIME: AT
INDEX #: 711882/2019
DATE FILED: 07/10/2019
Job #: 516244
Client File# 2019002973

CLIENT'S FILE NO.: 2019002973

**AFFIDAVIT OF SERVICE UPON A CORPORATION**

STATE OF NEW YORK: COUNTY OF QUEENS ss:

I, Robert Piaskowy, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of New York.

That on 8/19/2019 at 12:25 PM at ONE POLICE PLAZA, NEW YORK, NY 10038, deponent served the within SUMMONS & VERIFIED COMPLAINT WITH INDEX # AND DATE FILED AND NOTICE OF ELECTRONIC FILING

by personally delivering to and leaving with J. MIRABELLO for THE NEW YORK CITY POLICE DEPARTMENT, a true copy thereof, and that deponent knew the person so served to be the AUTHORIZED PARTY /Managing Agent and stated (s)he was authorized to accept legal papers for the corporation.

Said documents were conformed with index number and date of filing endorsed thereon.

A description of the person served on behalf of the defendant is as follows:
**Approx Age**: 36 - 50 Yrs., **Approx Weight**: 131-160 Lbs., **Approx Height**: 5' 4" - 5' 8", **Sex**: Male, **Approx Skin**: White, **Approx Hair**: Black

Sworn to before me on 08/20/2019
DEBRA A SCOTT 01SC6137374
Notary Public State of NEW YORK
QUEENS County, Commission Expires 11/21/21

**Affidavit Complied By:**
GOTCHA ATTORNEY SERVICES, INC

Robert Piaskowy
1298947

*SUPREME JUDICIAL SERVICES, INC. 371 MERRICK ROAD - ROCKVILLE CENTRE, N.Y. 11570 LIC# 1092373*

SUPREME COURT OF THE STATE OF NEW YORK
QUEENS COUNTY

Case 1:19-cv-05205 Document 1-1   Filed 09/12/19   Page 17 of 26 PageID #: 24

|  |  |
|---|---|
| DIEGO HEREDIA | N |
|  | COURT DATE & TIME: AT |
| *Plaintiff* | INDEX #: 711882/2019 |
| vs | DATE FILED: 07/10/2019 |
|  | Job #: 516243 |
| THE CITY OF NEW YORK, ET AL | Client File# 2019002974 |
|  |  |
| *Defendant* |  |

CLIENT'S FILE NO.: 2019002974

**AFFIDAVIT OF SERVICE UPON A CORPORATION**

STATE OF NEW YORK: COUNTY OF NASSAU ss:

I, KEVIN ZUCKER, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of New York.

That on 8/20/2019 at 3:46 PM at ONE HOGAN PLACE, NEW YORK, NY 10013, deponent served the within SUMMONS & VERIFIED COMPLAINT WITH INDEX # AND DATE FILED AND NOTICE OF ELECTRONIC FILING

by personally delivering to and leaving with A. PUGH for A.D.A ZACHARY WEINTRAUB C/O MANHATTAN DISTRICT ATTORNEYS OFFICE, a true copy thereof, and that deponent knew the person so served to be the AUTHORIZED PARTY /Managing Agent and stated (s)he was authorized to accept legal papers for the corporation.

Said documents were conformed with index number and date of filing endorsed thereon.

A description of the person served on behalf of the defendant is as follows:
**Approx Age**: 51 - 65 Yrs., **Approx Weight**: 131-160 Lbs., **Approx Height**: 5' 4" - 5' 8", **Sex**: Female, **Approx Skin**: Black, **Approx Hair**: Black

Sworn to before me on 08/21/2019
JEFFREY WITTENBERG  #01WI4906457
Notary Public State of New York
Nassau County, Commission Expires 8/22/22

**Affidavit Complied By:**
GOTCHA ATTORNEY SERVICES, INC
*Supreme Judicial Services, Inc. 371 Merrick Road - Rockville Centre, N.Y. 11570 Lic# 1092373*

KEVIN ZUCKER
1326427

1 of 1

SUPREME COURT OF THE STATE OF NEW YORK Document 1-1 Filed 09/12/19 Page 18 of 26 PageID #:
QUEENS COUNTY 25

RAYMOND GRANBY

N
COURT DATE & TIME: AT
INDEX #: 705102/2019
DATE FILED: 03/16/2019
Job #: 516249
Client File# 2019002968

*vs*                                              *Plaintiff*

THE CITY OF NEW YORK ET AL

*Defendant*

CLIENT'S FILE NO.: 2019002968          **AFFIDAVIT OF SERVICE UPON A CORPORATION**

STATE OF NEW YORK: COUNTY OF NASSAU ss:

I, Robert Piaskowy, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of New York.

That on 8/16/2019 at 2:58 PM at CORP COUNSEL 100 CHURCH STREET, NEW YORK, NY 10007, deponent served the within SUMMONS & VERIFIED COMPLAINT WITH INDEX # AND DATE FILED, NOTICE OF ELECTRONIC FILING , AND STIPULATION OF EXTENDING TIME FOR SERVICE OF PROCESS

by personally delivering to and leaving with LEMAR REID for THE CITY OF NEW YORK ATTN: LAW DEPT, a true copy thereof, and that deponent knew the person so served to be the AUTHORIZED PARTY /Managing Agent and stated (s)he was authorized to accept legal papers for the corporation.

Said documents were conformed with index number and date of filing endorsed thereon.

A description of the person served on behalf of the defendant is as follows:
**Approx Age:** 22 - 35 Yrs., **Approx Weight:** 131-160 Lbs., **Approx Height:** 5' 9" - 6' 0", **Sex:** Male, **Approx Skin:** Black, **Approx Hair:** Black

Sworn to before me on 08/19/2019
JEFFREY WITTENBERG #01WI4906457
Notary Public State of New York
Nassau County, Commission Expires 8/22/22

**Affidavit Complied By:**
GOTCHA ATTORNEY SERVICES, INC
*SUPREME JUDICIAL SERVICES, INC* 27 MERRICK ROAD - ROCKVILLE CENTRE, N.Y. 11570 Lic# 1092373

Robert Piaskowy
1298947

1 of 1

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------x
DIEGO HEREDIA,

                                   Plaintiff,

          - against -

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT, A.DA. ZACHARY WEINTRAUB, P.O. BRIAN
WILSON, DET. THOMAS DONEGAN, DET. THOMAS COZART
AND P.O. JOHN DOES nos. 1-20 (names being fictitious, as actual
names unknown),

                                   Defendants.
------------------------------------------------------------------------x

Index No. # 711882/2019

Law Dep't No.: 2019-055961

**CONSENT TO
REMOVAL**

**A.D.A. ZACHARY WEINTRAUB**, hereby states:

1.      I have been made aware that I am a named defendant in the above-
        captioned case.

2.      I hereby consent to this case being removed to federal court.

3.      By consenting to this removal, I do not waive any defense which may be
        available to me, including, but not limited to, my right to contest in
        personam jurisdiction or improper service of process.

Dated:      New York, New York
            September 3, 2019

                                                    **A.D.A. Zachary Weintraub**

# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------x
DIEGO HEREDIA,

                                Plaintiff,

      - against -

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT, A.DA. ZACHARY WEINTRAUB, P.O. BRIAN
WILSON, DET. THOMAS DONEGAN, DET. THOMAS COZART
AND P.O. JOHN DOES nos. 1-20 (names being fictitious, as actual
names unknown),

                                Defendants.
-------------------------------------------------------------------------x

Index No. # 711882/2019

Law Dep't No.: 2019-055961

**CONSENT TO
REMOVAL**

**P.O. BRIAN WILSON**, hereby states:

1.     I have been made aware that I am a named defendant in the above-captioned case.

2.     I hereby consent to this case being removed to federal court.

3.     By consenting to this removal, I do not waive any defense which may be available to me, including, but not limited to, my right to contest in personam jurisdiction or improper service of process.

Dated:    New York, New York
            September 4, 2019

                                           P.O. Brian Wilson

# EXHIBIT E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------x

DIEGO HEREDIA,

                                        Plaintiff,

        - against -

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT, A.DA. ZACHARY WEINTRAUB, P.O. BRIAN
WILSON, DET. THOMAS DONEGAN, DET. THOMAS COZART
AND P.O. JOHN DOES nos. 1-20 (names being fictitious, as actual
names unknown),

                                        Defendants.
------------------------------------------------------------------------x

Index No. # 711882/2019

Law Dep't No.: 2019-055961

**CONSENT TO
REMOVAL**

**DET. THOMAS DONEGAN**, hereby states:

1.      I have been made aware that I am a named defendant in the above-
        captioned case.

2.      I hereby consent to this case being removed to federal court.

3.      By consenting to this removal, I do not waive any defense which may be
        available to me, including, but not limited to, my right to contest in
        personam jurisdiction or improper service of process.


Dated:      New York, New York
            September 6, 2019

                                        **Det. Thomas Donegan**

# EXHIBIT F

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------x
DIEGO HEREDIA,

                                     Plaintiff,

     - against -

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT, A.DA. ZACHARY WEINTRAUB, P.O. BRIAN
WILSON, DET. THOMAS DONEGAN, DET. THOMAS COZART
AND P.O. JOHN DOES nos. 1-20 (names being fictitious, as actual
names unknown),

                                   Defendants.
-----------------------------------------------------------------------x

Index No. # 711882/2019

Law Dep't No.: 2019-055961

**CONSENT TO
REMOVAL**

        **DET. THOMAS COZART**, hereby states:

1.      I have been made aware that I am a named defendant in the above-captioned case.

2.      I hereby consent to this case being removed to federal court.

3.      By consenting to this removal, I do not waive any defense which may be available to me, including, but not limited to, my right to contest in personam jurisdiction or improper service of process.

Dated:     New York, New York
            September 6, 2019

                                      _____
                                      **Det. Thomas Cozart**